LACKAWANNA STEEL CONSTRUCTION CORPORATION, Claimant, against STATE OF NEW YORK, Defendant.
Claim No. 23466.

Court of Claims, August 30, 1934.

*Stanley & Gidley* [*Benjamin McClung* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Burns Barford, Assistant Attorney-General,* of counsel], for the State of New York.

RYAN, J. Claimant's contract with the State's defaulting contractor Anderson provided as follows: " We offer to furnish all material and perform all labor required to manufacture and *erect complete* on your foundation, structural steel and metal railing required on N. Y. Highway contract C. H. 8428."

Under the State's contract and specifications the Department of Public Works knew or should have known of the provisions of this subcontract. When the Department authorized and the Comptroller approved the payment to Anderson under the final estimate of February 20, 1933, the State proceeded at its own peril. The materials had been consiged to claimant by itself, received at destination by itself, and delivered on the site by itself to be in readiness to comply with the terms of its subcontract, *i. e., erect the material complete* on the general contractor's foundation.

Claimant never parted with title nor possession. The act of the State's officers and employees in delivering over the materials to the new contractor on the reletting was conversion. This was not a negligent nor careless but a willful act. The defense argues that no carelessess nor negligence has been shown. The provisions of section 12-a of the Court of Claims Act are much broader than this. " The State hereby waives its immunity from liability for the *torts* of its officers and employees * * * jurisdiction is hereby conferred * * * to recover damages for injuries to property * * * caused by the misfeasance * * * of the officers or employees."

Conversion is a tort. The doing of it herein was misfeasance.

It appears that the property was taken on the advice of the Attorney-General. That does not relieve the State from liability. An award should be made for the full amount demanded, with interest from August 29, 1933.

ACKERSON, J., concurs; BARRETT, P. J., dissents.

BARRETT, P. J. (dissenting). While the steel was consigned to claimant itself, it was delivered at the site of the contract and the State at the time of the payment to the contractor had no knowledge of such consignment. The contract with Anderson permitted payment to him and it was with Anderson and not claimant, the subcontractor, that the State was dealing.

At the time the steel was used, however, the State had such knowledge and claimant is entitled to an award for the difference between the value of the steel and the amount paid the contractor, namely, $2,650, with interest.

While claimant served upon the State authorities a notice of repossession pursuant to section 39-c of the Lien Law, this notice was served after the State had made such payment. The payment was made in good faith to the contractor, pursuant to the contract, and the State thereby became the owner of such materials to the extent of such payment. In so far as such ownership was concerned, claimant had no right of repossession.

I disagree with the conclusion that there is proof here sufficient to justify an award by virtue of the provisions of section 12-a of the Court of Claims Act. I doubt the application of the section but in any event claimant itself was negligent in not notifying the State of the nature of the consignment.

For these reasons I dissent from the opinion and decision of my associates, Judges RYAN and ACKERSON.